UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES of the INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION, and ANNUITY FUNDS,
and of the HOISTING AND PORTABLE ENGINEERS
LOCAL 4 APPRENTICE AND TRAINING FUNDS and
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 4,
               Plaintiffs

vs.

BOSTON EQUIPMENT & SUPPLY COMPANY, INC.,
               Defendant

and

SOUTHERN NEW HAMPSHIRE BANK & TRUST CO.,
               Trustee

C.A. No. 05 11423 JLT

## COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

### NATURE OF ACTION

1.     This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.     Plaintiff International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4.     Plaintiff International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5.     Plaintiff International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6.     Plaintiff Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. The International Union of Operating Engineers Local 4 is a labor organization within the meaning of §301 of the LMRA, 29 U.S. C. §185. The Union is administered at 53 Trotter Drive, Medway, Massachusetts, within this judicial district.

9. Defendant Boston Equipment & Supply Company, Inc. (hereinafter "BESCO" or "the Employer") is a New Hampshire corporation with a principal place of business at 142 Main Street, Salem, New Hampshire, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Upon information and belief, Southern New Hampshire Bank & Trust Co. is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

11. On or about September 1, 2003, defendant BESCO became signatory to a collective bargaining agreement with the International Union of Operating Engineers Local 4, effective through August 31, 2007. A copy of BESCO's signed agreement is attached hereto as Exhibit A.

12. The Agreement requires BESCO to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement.

13. Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues and to contribute a negotiated amount to the Union's Social Action Committee ("SAC").

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

14. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-13 supra.

15. BESCO failed to submit remittance reports and pay monthly contributions to the Funds for the months of May through November, 2004.

16. By first class mail and certified letters dated January 6, 2005, the Funds' attorney sought payment of delinquent contributions and interest, along with copies of remittance reports for the delinquent months.

17. BESCO thereafter submitted its reports for the period May through December, 2004. Based on that submission plaintiffs determined that BESCO owed $48,300.13 in delinquent fringe benefit contributions through December, 2004.

18. By letter dated February 10, 2005, plaintiffs sought payment of $53,284.79, representing these unpaid contributions, together with interest, dues and SAC contributions.

19. BESCO failed to make these payments and has since accrued a new as yet unliquidated liability for the period March through May, 2005. It paid the contributions owed for January and February, 2005.

20. The failure of BESCO to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

21. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

22.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA -
## DELINQUENT CONTRIBUTIONS AND INTEREST

23.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-22 supra.

24.     The failure of BESCO to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT III - VIOLATION OF LMRA -
## DUES AND SAC

25.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-24 supra.

26.     Upon information and belief, BESCO deducted dues from its employees' paychecks totaling $2,410.64 through December, 2004 and an as yet unliquidated amount for the period March through May, 2005 and failed to remit them to the Union.

27.     BESCO also failed to contribute to the SAC Fund and owes $374.00 for the May through December, 2004 period and an as yet unliquidated amount for the period March through May, 2005.

28.     The failure of BESCO to remit the dues it deducted from its employees' wages and to contribute to the SAC Fund as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

  a.  Order the attachment by trustee process of the bank accounts of BESCO held by Southern New Hampshire Bank & Trust Co.;

  b.  Order the attachment of the machinery, inventory and accounts receivable of defendant BESCO;

  c.  Order BESCO to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete list of all job locations for the period May, 2004 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

  d.  Enter a preliminary and permanent injunction enjoining BESCO from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

  e.  Enter a preliminary and permanent injunction enjoining BESCO from refusing or failing to remit dues and SAC contributions;

  f.  Enter judgment in favor of the Plaintiff Funds in the amount of $48,300.13 in unpaid contributions owed through December, 2004, and any additional amounts determined by the Court to be owed by BESCO or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

g.  Enter judgment in favor of the Plaintiff Union in the amount of $2,784.64 in dues and SAC contributions, and any additional amount determined by the Court to be owed by BESCO or which may come due during the pendency of this action; and

h.  Such further and other relief as this Court deems appropriate.

Respectfully submitted,

LOUIS G. RASETTA and WJOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

_/s/ Anne R. Sills_
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated: July 1, 2005

ARS/ars&ts
3118 04-566/complt.doc

7

# AGREEMENT

between

# BOSTON EQUIPMENT & SUPPLY

and





RECEIVED
DEC 1 2003
IUOE, Local 4

The

# *INTERNATIONAL UNION of OPERATING ENGINEERS*

– LOCAL 4 –

September 1, 2003 – August 31, 2007

AGREEMENT made this first day of September, 2003, between **BOSTON EQUIPMENT & SUPPLY** hereinafter called the "Employer" and The **INTERNATIONAL UNION** of **OPERATING ENGINEERS LOCAL 4** and its **BRANCHES**, hereinafter called the "Union."

## ARTICLE I
## LABOR MANAGEMENT RELATIONS

1. The Union is recognized as the exclusive representative of the employees for purposes of collective bargaining with respect to wages, terms and conditions of employment, and other matters of mutual aid for all hourly employees in the Parts and Service Department of the Employer except office help, telephone operators, executives, outside salesmen, guards, professional employees and confidential employees.

2. The Employer hereby recognizes that the Union is the sole bargaining agent for all employees covered by this Agreement. The Employer agrees that it shall be a condition of continued employment for an employee covered by this Agreement to become and remain a member of the Union six (6) weeks after the commencement of his employment.

3. The Employer and the Union will not discriminate either directly or indirectly nor will they permit any of their agents, members or representatives to discriminate either directly or indirectly against any employee by reason of race, color, creed, age, gender, national origin, membership in the union, or handicap.

4. The regular work week shall be forty (40) hours, Monday through Friday, eight (8) hours each day exclusive of an unpaid lunch period. Start time shall commence no earlier than 6:00 A.M. nor any later than 9:00 A.M.

(a) The Company offers 24 Hour Emergency Service and may assign drivers and/or mechanics to "On Call" status. On Call employees, required to wear a pager and shall receive additional compensation of $50.00 per week. Employees called out for Emergency Service shall receive a minimum of four (4) hours at the appropriate overtime rate.

5. Wages: See attached **"Schedule of Wages."**

(a) Beginner helper shall be employed at the rate of thirty (30) cents per hour below the helper's rate prevailing at the time as above set forth and shall receive an automatic step rate increase of ten (10) cents per hour for each four (4) months of employment until he reaches the maximum helper's rate set forth above.

(b) The hourly rate of any employee working in the field shall be increased by forty (40) cents per hour. This rate is not applicable to travel time or work performed inside building facilities.

(c) Mechanic Trainee - The Employer may hire a mechanic trainee, subject to the following conditions:

   (i) No one employed in the bargaining unit prior to September 1, 2002, may be assigned to the classification of mechanic trainee.

1

(ii) A mechanic trainee shall work as, and be trained to become, a Class "A" Mechanic and shall be paid a percentage of the rate of a Class "A" Mechanic, as follows:

| | | | |
|---|---|---|---|
| Start | 65% | After 24 months | 85% |
| After 6 months | 70% | After 30 months | 90% |
| After 12 months | 75% | After 36 months | 100% |
| After 18 months | 80% | | |

(d) Parts trainee - The Employer may hire a parts trainee, subject to the following conditions:

(i) The first parts trainee may not be hired unless there is at least one parts man in the bargaining unit. A second trainee may not be hired unless there are at least three parts men in the bargaining unit.

(ii) No one employed in the bargaining unit prior to September 1, 2002, may be assigned to the Classification of parts trainee.

(iii) Parts trainees shall work as, and be trained to become parts men and shall be paid a percentage of the rate of a parts man, as follows:

| | | | |
|---|---|---|---|
| Start | 65% | After 24 months | 85% |
| After 6 months | 70% | After 30 months | 90% |
| After 12 months | 75% | After 36 months | 100% |
| After 18 months | 80% | | |

6. When a Foreman is required to be a member of the Union, he shall be paid fifty (50) cents per hour above the rate of a Class "A" Mechanic.

7. Time and one-half shall be paid to the above classifications for overtime, and double time shall be paid after eight (8) hours work on Saturdays, and all work on Sundays and holidays. The employees requested to report for work on Saturday shall be guaranteed a minimum of four (4) hours' pay at time and one-half.

8. The holidays which are to observed in the Agreement are as follows: (1) New Year's Day, (2) Presidents' Day, (3) Patriots' Day, (4) Memorial Day, (5) Fourth of July, (6) Labor Day, (7) Columbus Day, (8) Veterans' Day, (9) Thanksgiving Day and (10) Christmas Day. An employee shall receive eight (8) hours, straight time pay for a holiday not worked, including a holiday falling on Saturday, provided he has worked in the calendar week in which the holiday falls. No employee shall he/she fails without cause to work the regular work before, or the regular work day after the holiday.

(a) The parties agree there is a need for mechanical coverage on the following holidays: Presidents' Day, Patriots' Day, Columbus Day and Veterans' Day. Employees will be required to work two (2) of these holidays. Two floating holidays will be observed to compensate employees for working these days and must be taken in the calendar year. The senior employees will have the right to first selection.

9. Vacations - The Employer agrees to grant paid vacations to employees covered by this Agreement, at a time mutually satisfactory to the Employer and the employee, as follows:

2

(a) Employees with one (1) year's service    -   one (1) week vacation.
(b) Employees with two (2) year's service    -   two (2) weeks vacation.
(c) Employees with ten (10) year's service   -   three (3) weeks vacation.
(d) Employees with twenty (20) year's service -  four (4) weeks vacation.
(e) When a paid holiday falls within the vacation period of any employee, then he shall receive an additional day's pay for same.

10. Seniority rights for employees, as hereinafter set forth, shall prevail. All new employees shall be hired on a six weeks, trial basis and shall work under the provisions of this Agreement within which time they may be dismissed without protest by the Union. After a six weeks, trial period, they shall be placed on the seniority list as regular employees in accordance with the date of hire.

(a) Seniority shall be by department and in the event of a layoff, the most junior employee of the classification in any department where such layoff occurs, shall be the first to be laid off, and rehiring shall be in the inverse order, provided, the person to be retained or rehired shall be fully qualified to do the work required efficiently, regardless of seniority. In determining qualification, the special type of equipment upon which the employee has been accustomed to work shall be taken into consideration.

(b) When there is more than one classification within any department, an employee in such classification who is laid off may elect to displace an employee who is junior to him in a lower classification within the same department, if he is qualified to do the work.

(c) Seniority, shall be broken by discharge, voluntary quit, failure to report within forty-eight (48) hours after being notified to return to work after a layoff, and after twelve (12) months from the date on which the employee last worked.

(d) The seniority provisions of this Agreement shall apply exclusively to work performed during the regular work week as defined in Paragraph three (3) hereof and not to any work outside such hours.

(e) In the event of a grievance regarding the violation of seniority, notice of such grievance must be given to the Employer within one (1) week from the date such violation first occurred, otherwise, any remedy therefor shall be deemed to have been waived by the Union and the employee.

(f) Any grievance in which any monetary remedy is sought against the Employer must be filed within one (1) week after the occurrence giving rise to the grievance or within one (1) week after the employee learns or reasonably should have learned, of the occurrence giving rise to the grievance.

11. Any employee covered by this Agreement who is required to remain away overnight, shall be paid for his traveling expenses and a reasonable amount for his meals and sleeping accommodations as evidenced by a receipt or bill.

12. Any employee working in the field after 6 p.m. shall be allowed supper money for the cost of his meal up to a maximum of $8.00. The cost of the meal shall be evidenced by a receipt or bill of the restaurant or other eating establishment.

13. Any employee covered by this Agreement who, at the request of the Employer, furnishes his own automobile for the performance of his work shall be compensated at the standard IRS rate (currently 36cents per mile) for the actual mileage covered. Refusal to use his automobile shall not be grounds for dismissal.

3

(a)    Automobile Insurance - The Employer, on its own behalf, will carry an automobile non-ownership liability policy on the automobile of any employee who regularly furnishes his automobile for the performance of his work. The amount of this policy shall be $100,000/300,000, less the amount carried by the employee himself.

14.    Wages: Drivers of trucks:  See attached **"Schedule of Wages."**

(a)    Parts persons shall be classified as helpers, and shall receive 90% of the Class B Mechanic rate, except that whenever three (3) or more employees within the bargaining unit shall be employed in the parts department, the Employer shall designate one of these employees as lead person, and said employee shall be paid twenty-five (25) cents per hour above the rate as herein provided.

15.    **Incidental working conditions:**

(a)    The Employer shall allow at least ten minutes to all employees to gather tools, etc., and wash before leaving the shop.

(b)    It is agreed that the matter of classification of employees shall be of mutual concern to the Employer and the Union.

(c)    The Employer shall furnish rain gear for his employees.

(d)    The Employer shall provide in his shop, toilets, wash basins, showers, lockers, and luncheon tables. When such facilities are nonexistent or below the general average, the Employer agrees to provide and improve same to the degree the physical layout of his shop permits.

(e)    The above-mentioned facilities shall be kept clean and as segregated as the property of the Employer permits. Work areas shall be kept as neat, clean and free from encumbrances as the nature of the work permits.

(f)    The Employer shall furnish, at its own cost, such work uniforms for the employees covered hereunder as may be deemed reasonably necessary.

(g)    Jury Duty - The Employer will grant employees time off for jury duty and will pay the employees the difference between his jury pay and the employee's regular straight-time hourly rate during the regular workweek. The employee must present proof, satisfactory to the Employer, of his jury service and of the amount paid him for such service. The period of time off for jury duty hereunder is limited to thirty (30) days. On any day in which an employee is not required to report for jury duty, he shall report to work for the Employer.

(h)    Tool Indemnification - The Employer will make each the employee whole for the theft of tools, at the Employer's plant or service vehicle, without any deductible, provided there is a breaking and entering from the outside and the employee has listed his tools with the Employer.

(i)    Safety - The Employer may promulgate and post such reasonable work rules as may be required to operate a safe and efficient workplace. The Employer will comply with the Occupational Safety and Health Act, as amended (OSHA). All Safety equipment required by OSHA shall be provided by the Employer at its expense; provided, that unless otherwise required by law. Present practice with respect to safety shoes shall continue.

4

(j)     **Bereavement** - Employees covered by this Agreement shall be granted three days off with pay at straight time rate for eight (8) hours per day if a death occurs in his immediate family if the employee is scheduled to work the three days immediately following the date of such death. Employees shall be paid only for those days lost from their work week which fall within the three-day period following the date of such death. Immediate family is defined as the mother, father, sister, brother, wife, parent-in-law, or children of the employee. Employers may request a death certificate as evidence of death.

16.    **Health & Welfare, Pension, Apprenticeship, Annuity & Savings 401(k) Funds**

(a)    The Employer shall pay into the International Union of Operating Engineers Local 4 Health & Welfare Fund, hereinafter referred to as the **"Welfare Fund,"** an amount equal to that shown under **"Schedule of Wages"** for each payroll hour (an overtime hour for this purpose shall be considered a single hour) and proportionately for each part of such an hour for each person covered by this Agreement. On or before the 10th day of each month the said payment shall be due and payable for all such payroll periods ending the next preceding month.

(b)    The Welfare Fund shall be used for the purpose of providing health and welfare benefits for employees covered by this Agreement and their dependents by means of insurance or otherwise in the discretion of the Trustees of such Fund.

(c)    The Employer shall pay and contribute into the International Union of Operating Engineers Local 4 Pension Fund, herein after referred to as the **"Pension Fund,"** an amount equal to that shown under the **"Schedule of Wages"** for each payroll hour (an overtime hour for this purpose shall be considered a single hour) and proportionately for each part of such an hour for each person covered by this Agreement. On or before the 10th day of each month, the said payment shall be due and payable for all such payroll periods ending the next preceding month.

(d)    The Employer shall pay and contribute into the Hoisting and Portable Engineers Local 4 Apprentice and Training Program, hereinafter referred to as the **"Training Fund,"** an amount equal to that shown under the **"Schedule of Wages"** in this Agreement.

(e)    The Employer shall pay and contribute into the International Union of Operating Engineers Local 4 Annuity Fund, hereinafter referred to as the **"Annuity Fund,"** an amount equal to that shown under the **"Schedule of Wages"** for each payroll hour (an overtime hour for this purpose shall be considered a single hour) and proportionately for each part of such an hour for each person covered by this Agreement. On or before the 10th day of each month, the said payment shall be due and payable for all such payroll periods ending the next preceding month.

(f)    Upon proper written authorization on a form furnished by the Local Union, the Employer shall withhold from the employee's gross wages before any deduction for taxes, an amount as established from time to time by the Trustees, for deposit in the employee's **Annuity & Savings 401(k) Plan**, a Retirement Plan intended to qualify under the Employee Retirement Income Security Act of 1974 (ERISA).

5

(g) The Annuity & Savings 401(k) Plan shall be used to assist the members in attaining their long range savings objectives.

(h) The Employer agrees that the obligations to make payments as provided for in the Health & Welfare, Pension, Training and Annuity Funds shall be on a parity with and enforceable, with respect to such Funds, as the obligation to pay wages and this inclusive of the priorities incident to and proceedings for the relief of debtors; and this Article shall bind all legal representatives, successor, and assigns of an Employer.

(i) Failure of the Employer to comply with this Article or any part thereof may be treated by the Union as a breach of the working agreement between the Union and the defaulting Employer; and notwithstanding other provisions of this Agreement (Paragraph 23) or otherwise to the contrary, immediate work stoppage and the use of picket lines against such defaulting Employer are permitted. Any cost, inclusive of legal fees, incurred by the Union in the collection of obligations to make payments due the Health & Welfare, Pension, Training and Annuity Funds shall be borne by the defaulting Employer.

(j) Notwithstanding all of the above, the obligation to contribute to the Health & Welfare, Pension and Training Funds, (but not Annuity) for each person covered by this agreement, shall be limited to forty-four (44) hours each week. The parties will meet prior to July 1, 2001, and review the demographics of the unit.

(k) Notwithstanding any termination or cancellation under this Agreement or otherwise, the obligations of this Article and of the Declarations of Trust shall be deemed continuous and the Health & Welfare, Pension, Training and Annuity Funds shall not be discontinued pending negotiations of a new agreement.

(l) Sick Leave - Employees with one (1) or more years of service will be eligible for ten (10) days' sick leave per year with pay for absence resulting from bona fide incapacitating illness. New employees shall accrue the sick leave set forth above at the rate of one (1) day for each full month of employment, to a maximum of ten (10) days' sick leave per year. The Employer may request medical documentation.

17. **Dues Deduction** - Upon proper authorization by the Union, it is agreed that the Employer shall deduct fifteen (15¢) cents for each payroll hour from gross wages provided the employee has executed a written authorization for such deduction. All such deductions shall be reported monthly on one form along with all the other Funds provided for in the Agreement. One check covering the total of all the Funds shall be sent along with the one form in accordance with the provisions of Article 16.

18. **The Social and Political Action Committee (SAC/PAC) Funds**, administered by the Local shall be funded by a voluntary five ($.05) cents per hour payroll deduction, the purpose of which shall be to enable the Local Union to participate more fully in matters affecting the welfare of its members. It is agreed that the Employer shall deduct five ($.05) cents per hour from gross wages before any deduction for taxes for each payroll hour, provided the employee has executed a written authorization for such deduction.

6

(a) All such deductions shall be reported monthly on one form along with all the other funds provided for in the Agreement. One check covering the total of all the funds shall be sent along with the one form in accordance with the provisions of Article 16.

19. It shall be the sole responsibility of the Local to procure, pursuant to the provisions of Section 302(c) of the Labor-Management Relations Act of 1947, the signed individual authorization of every employee subject to this Agreement, both present and future. The Local shall indemnify and hold harmless the Employer from any claims arising under this Article including the furnishing of counsel to defend against any such actions.

20. It is agreed that any employee who is covered by this Agreement and who enjoys wages and/or conditions in addition to those contained herein, shall not suffer loss of same by execution of the Agreement.

21. The Local may appoint a shop steward, who shall be allowed to consult the employees with as little interruption as possible to the work.

22. It is agreed that any dispute arising over the interpretation of this Agreement shall be referred to a committee composed of two (2) representatives of the Employer and two (2) representatives of the Union. The Committee shall make its decision within seventy-two (72) hours, and such decision shall be final. In the event of the failure of the Committee to arrive at a solution, an umpire shall be chosen by them, to whom the matter in dispute shall be referred, whose decision shall be final.

(a) If the parties are unable to agree upon an impartial arbitrator, an arbitrator shall be selected in accordance with the rules of the American Arbitration Association.

23. The parties hereto agree that there shall be no suspension of work or establishment of picket lines during the time any dispute shall exist.

24. If the courts shall decide that any clause or part of this Agreement is unconstitutional or illegal, or should any clause or part of this Agreement be found contrary to present or future laws, it shall not invalidate the other portions of this Agreement, it being the intent and purpose of this Agreement to promote peace and harmony in the craft along lawful lines.

This Agreement shall take effect September 1, 2003, and shall continue in effect to and including August 31, 2007, but if neither party to this Agreement gives notice in writing to the other party on or before July 1, 2007, that they desire a change, then this Agreement shall continue in effect to August 31, 2008, and so on each year thereafter, unless on or before July 1st of each year thereafter a notice is given desiring a change by either party.

*IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their duly authorized representatives and have affixed hereto the seals of their respective organizations, the day and year first above written.*

| For | For |
|---|---|
| BOSTON EQUIPMENT & SUPPLY | OPERATING ENGINEERS LOCAL 4 |
| _____ BY | _William G. Ryan_____ BUSINESS MANAGER |
| 142 MAIN ST ADDRESS | _Louis G. Rauitta_____ PRESIDENT |
| SAlem  NH  03079 CITY   STATE   ZIP | _____ RECORDING SECRETARY |
| 603-890-4948 / 1-603-890-3675 PHONE        FAX | |

RECEIVED
DEC 1  2003
IUOE, Local 4

8

TOTAL P.02

*Schedule of Wages*

# INTERNATIONAL UNION of OPERATING ENGINEERS - LOCAL #4

And

# BOSTON EQUIPMENT & SUPPLY

GREATER BOSTON AREA

September 1, 2003 - August 31, 2007

|  | 9/1/2003 | 3/1/2004 | 9/1/2004 | 3/1/2005* | 9/1/2005* | 3/1/2006* | 9/1/2006* | 3/1/2007* |
|---|---|---|---|---|---|---|---|---|
| Class "A" Mechanic | 21.50 | 21.69 | 21.91 | 22.29 | 22.60 | 22.96 | 23.35 | 23.70 |
| Class "B" Mechanic | 19.26 | 19.43 | 19.63 | 19.97 | 20.25 | 20.57 | 20.92 | 21.24 |
| Driver - CDL Required | 21.50 | 21.69 | 21.91 | 22.29 | 22.60 | 22.96 | 23.35 | 23.70 |
| Driver - Platform/Roll-Back Truck | 18.10 | 18.26 | 18.45 | 18.77 | 19.03 | 19.33 | 19.66 | 19.96 |
| Parts Person | 17.20 | 17.35 | 17.53 | 17.83 | 18.08 | 18.37 | 18.68 | 18.96 |
| Driver - Stake Body/Pick-Up Truck | 15.95 | 16.09 | 16.26 | 16.54 | 16.77 | 17.04 | 17.33 | 17.59 |
| Helper | 13.37 | 13.49 | 13.63 | 13.86 | 14.06 | 14.28 | 14.52 | 14.74 |
| Yard Worker | 12.26 | 12.36 | 12.49 | 12.71 | 12.88 | 13.09 | 13.31 | 13.51 |
| Health & Welfare | 3.75 | 4.00 | 4.30 | 4.30 | 4.50 | 4.65 | 4.80 | 5.00 |
| Pension | 2.20 | 2.45 | 2.65 | 3.00 | 3.25 | 3.50 | 3.65 | 3.80 |
| Apprenticeship | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| Annuity | 0.75 | 0.75 | 0.75 | 0.75 | 0.75 | 0.75 | 0.75 | 0.75 |

- *Dues Deduction $.15 for each payroll hour from gross wages.*
- *Social and Political Action Committees: $.05 per payroll hour.*
- *The Local may, at its option, utilize parts of these increments for increases to Health & Welfare, Pension, Annuity, Social and Political Action Committees, or Dues Deduction.*

## Schedule of Wages

# INTERNATIONAL UNION of OPERATING ENGINEERS - LOCAL #4

## And

# BOSTON EQUIPMENT & SUPPLY

Outside the Metropolitan Boston Area

September 1, 2003 - August 31, 2007

|  | 9/1/2003 | 3/1/2004 | 9/1/2004 | 3/1/2005* | 9/1/2005* | 3/1/2006* | 9/1/2006* | 3/12007* |
|---|---|---|---|---|---|---|---|---|
| Class "A" Mechanic | 20.00 | 20.17 | 20.38 | 20.73 | 21.02 | 21.35 | 21.72 | 22.04 |
| Class "B" Mechanic | 17.91 | 18.07 | 18.26 | 18.57 | 18.83 | 19.13 | 19.46 | 19.75 |
| Driver - CDL Required | 20.00 | 20.17 | 20.38 | 20.73 | 21.03 | 21.35 | 21.72 | 22.04 |
| Driver - Platform/Roll-Back Truck | 16.83 | 16.98 | 17.16 | 17.46 | 17.70 | 17.98 | 18.28 | 18.56 |
| Parts Person | 16.00 | 16.14 | 16.30 | 16.58 | 16.81 | 17.08 | 17.37 | 17.63 |
| Driver - Stake Body/Pick-Up Truck | 14.83 | 14.96 | 15.12 | 15.38 | 15.60 | 15.85 | 16.12 | 16.36 |
| Helper | 12.43 | 12.55 | 12.68 | 12.89 | 13.08 | 13.28 | 13.50 | 13.71 |
| Yard Worker | 11.40 | 11.49 | 11.62 | 11.47 | 11.98 | 12.17 | 12.38 | 12.56 |
| Health & Welfare | 3.75 | 4.00 | 4.30 | 4.30 | 4.50 | 4.65 | 4.80 | 5.00 |
| Pension | 2.20 | 2.45 | 2.65 | 3.00 | 3.25 | 3.50 | 3.65 | 3.80 |
| Apprenticeship | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| Annuity | 0.75 | 0.75 | 0.75 | 0.75 | 0.75 | 0.75 | 0.75 | 0.75 |

- Dues Deduction $.15 for each payroll hour from gross wages.
- Social and Political Action Committees: $.05 per payroll hour.
- The Local may, at its option, utilize parts of these increments for increases to Health & Welfare, Pension, Annuity, Social and Political Action Committees, or Dues Deduction.

RECEIVED DEC 4 2003 IUOE, Loc...

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Trustees of the International Union of of Operating Engineers Local 4, et al vs. Boston Equipment & Supply Company, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)    YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).    YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES ☐   NO ☒
   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION: YES ☐ NO ☐  N/A  OR WESTERN SECTION: YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Anne R. Sills
ADDRESS Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA 02108
TELEPHONE NO. (617) 742-0208

(Categform.rev - 3/97)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRUSTEES of the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, and ANNUITY FUNDS, and of the HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,

## DEFENDANTS
Boston Equipment & Supply Company, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions): N/A
JUDGE _____ DOCKET NUMBER _____

DATE 7/5/05   SIGNATURE OF ATTORNEY OF RECORD Anne K Sills

FOR OFFICE USE ONLY

AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____